# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **JISHA JAGANATHAN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **C.A. No. 3:20-cv-293** |
| | § | **(JURY)** |
| **GILLESPIE COUNTY** | § | |
| **SHERIFF'S OFFICE AND** | § | |
| **GILLESPIE COUNTY, TEXAS** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, JISHA JAGANATHAN, Plaintiff, hereinafter "Plaintiff", and for cause of action would respectfully show unto the Honorable Court and Jury the following:

## I.
## PARTIES

1. Plaintiff Jisha Jaganathan is a resident of Houston, Harris County, Texas.

2. Defendant Gillespie County (hereinafter "**Gillespie** County") is a governmental unit of the State of Texas. This Defendant may be served with process by serving its County Judge, Honorable Mark Stroeher, at 101 West Main St. Mail Unit 9 Room 101, Fredericksburg Texas 78624.

3. Defendant Gillespie County Sheriff's Office (hereinafter "GCSO") is a governmental entity and the acting employer of the deputies involved in the unconstitutional violations of Plaintiff. GCSO may be served with process by serving its Sheriff, Buddy Mills at 1601 East Main Street., Fredericksburg, Texas 78624.

## II.
## <u>JURISDICTION</u>

4. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, because the claims involve a question of federal law under 42 U.S.C. § 1983. This Court further has pendant and ancilliary jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367(a).

## III.
## <u>VENUE</u>

5. Venue is proper in this cause in the Western District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because all or substantial part of the events which gave rise to this cause of action occurred in the Western District of Texas.

## IV.
## <u>FACTS</u>

6. On or about November 25, 2018, Ms. Jaganathan was unlawfully detained and arrested for an alleged public intoxication, a charge that was

subsequently dismissed. Following her unlawful arrest, Ms. Jaganathan was booked in the Gillespie County Jail. Ms. Jaganathan was wrongfully deemed a suicide risk, although she repeatedly explained that she was not a suicide risk or a risk to another. Ms. Jaganathan was then stripped of her clothing, forced to wear a jail issued suicide smock and placed in a jail cell. Thereafter, for the next approximate 56 hours she was isolated in a jail cell and forced to sleep on the cell floor for two nights. Ms. Jaganathan's numerous requests for medical attention were denied and/or ignored while she was unlawfully held in Defendants' custody. Ms. Jaganathan was denied access to toilet paper or sanitary products and hence forced to continue use of a single tampon for the duration of her unlawful detainment, of which pieces became lodged inside of Ms. Jaganathan's body and required emergency medical attention after release from Defendants' custody. While in custody Ms. Jaganathan appeared before a magistrate, was deemed not to be a harm to herself or others, and issued a personal recognizance (PR) bond. Despite being given a personal recognizance bond, Ms. Jaganathan was never released from custody by Defendants. After being forced to return to the jail cell, Ms. Jaganathan continued to make numerous attempts to obtain medical attention due to her being on her menstrual cycle and needing to

take her prescription medication. These requests were consistently denied and/or ignored.

7. Throughout Ms. Jagnathan's unlawful detainment, her boyfriend, made many attempts to plead with, and convince the Defendants to allow Ms. Jaganathan access to her prescribed medication and medical items. When able to speak with Defendants, Ms. Jaganathan's boyfriend was laughed at and told "Sandra Bland is the reason" Ms. Jaganathan remains in custody and "Sandra Bland is to blame." Ms. Jaganathan was also told the reason she remained in custody is because of Sandra Bland.

8. At a point thereafter, Ms. Jaganathan's boyfriend contacted various senior officials via email, identifying the specific violations of Ms. Jaganathan's constitutional rights, however, no response was received from the county officials. Additionally, Ms. Jaganathan's boyfriend delivered medication and tampons to the jail for Ms. Jaganathan.

9. The Gillespie County Jail refused to provide Ms. Jaganathan with her prescription medication and tampons. Instead, the Gillespie County deputies cold-heartedly told Ms. Jaganathan to drip her menstrual blood over the toilet. After subsequent attempts at seeking medical treatment, Ms. Jaganathan was also told that she would be placed in the

restraint chair if she used the call button to request medical treatment again. Ms. Jaganathan and her boyfriend plead with Defendants to provide medical attention via tele-medicine, an on call medical professional, or local emergency room. No medical attention was administered. To further add insult and embarrassment to Ms. Jaganathan's condition, Ms. Jaganathan was told only if she foams at the mouth will she be transported to the hospital.

10. Ms. Jaganathan remains traumatized and continues to experience extensive emotional, financial, medical, physical, personal, professional, and psychological effects as a result of her unlawful and inhumane treatment while in the custody of Defendants.

11. Defendants were deliberately indifferent to Ms. Jaganathan's clearly established constitutional rights, injuries and actively tried to brush their inexcusable conduct under the rug by charging Ms. Jaganathan with public intoxication as an attempt to justify their unconstitutional actions.

**V.**
**CAUSES OF ACTION**

**A.** **Violations of 42 U.S.C. Section 1983 – Failure to Provide Medical Aid Violation of Plaintiff's Fourth and Fourteenth Amendment Rights.**

12. Plaintiff hereby fully incorporates the preceding paragraphs by reference.

13. Once a person is in police custody, the custodial officer(s) has a duty to provide for the safety and secure medical aid for the person if the person is injured. Defendants violated Ms. Jaganathan's Fourth and Fourteenth Amendment rights by failing to secure medical attention for Ms. Jaganathan immediately after Ms. Jaganathan began making outcries of her pain and condition. Defendants again violated Ms. Jaganathan's Fourth and Fourteenth Amendment rights by failing to secure medical attention for Ms. Jaganathan immediately after Ms. Jaganathan made every outcry while in the Gillespie County Jail. Defendants intended for Ms. Jaganathan to suffer and their refusal to promptly secure medical attention was a further step in that plan and such constituted conscious indifference to Ms. Jaganathan's known and clearly established constitutional rights. Defendants' failure to secure medical attention for Ms. Jaganathan in a timely fashion was the proximate and producing cause of Ms. Jaganathan's injuries.

14. This conduct was done pursuant to a custom and practice of Gillespie County and GCSO that is so widespread as have the force of law.

**B.** **Violations of 42 Section 1983 Eighth Amendment – Cruel and Unusual Punishment.**

15.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

16.     Defendants' violated Ms. Jaganathan's Eight Amendment rights to be free of cruel and unusual punishment.  While not every action taken may not constitute excessive force or cruel and unusual punishment, the conduct taken by Defendants was of such a degree as to shock the conscience of the community and the Court.  There was no need for the Gillespie County deputies to conduct themselves in the manner described above.  There was no need for Ms. Jaganathan to be denied medical attention and aid. Defendants' conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Ms. Jaganathan.  Ms. Jaganathan suffered injuries as a result of Defendants' unconstitutional, cruel and unusual punishment, and this conduct constitutes a cause of actions under Texas civil law.

17.     This conduct was done pursuant to a custom and practice of Gillespie County and GCSO that is so widespread as to have the force of law.

**C.**     <u>**Violations of the Sandra Bland Act**</u>

18.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

19.     Defendants and its police force failed to abide by the "Sandra Bland Act" when they, among other conduct, failed to notify a magistrate within the required time of Ms. Jaganathan's booking. Defendants also failed to allow a mental health professional evaluate Ms. Jaganathan, despite Defendants' unilateral assertion of Ms. Jaganathan's health issues. Even after Ms. Jaganathan's countless requests to be seen by a health professional, Defendants knowingly and maliciously denied her this opportunity.

20.     The foregoing policy was the proximate and producing cause of Plaintiff's injuries.

**D.**     <u>**Violations of 42 U.S.C. Section 1983 – Policy and Procedure: Failure to Properly Train.**</u>

21.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

22.     Defendants have failed to adequately train its officers in the following areas:

        a.     How to care and provide medical attention to inmates who are injured or have complained of injuries;

b.    In failing to train their peace officers to properly care and attend to inmates complaining of injuries; and

c.    In failing to abide by clearly established constitutional rights.

23.    These policies in place of failing to adequately train its officer's shows a conscious indifference to the rights secured by the Fourth, Eight and Fourteenth Amendments to the citizens of Gillespie County and Plaintiff in particular. Defendants' failure to properly train its officers is so reckless that misconduct by its officers was inevitable. The policy of inadequate training was a producing and proximate cause of Plaintiff's injuries and is so pervasive as to have the force of law.

**E.    <u>Violations of 42 U.S.C. Section 1983 – Policy and Procedure:  Failure to Adequately Supervise.</u>**

24.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

25.    Defendants have a practice of failing to properly supervise its officers. Failing to supervise has resulted in tacit approval of the conduct described above; if no one is watching the officers and the officers are not punished for their conduct, then it is reasonable for the officers to assume that those actions are accepted by Defendants; the conduct described above

was witnessed by other peace officers and approved by supervisors who made the scene of the occurrence made the basis of this suit.

**F.     Violations of the Texas Tort Claims Act.**

26.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

27.     This cause of action is advanced against Gillespie County in the alternative.  Defendants' conduct toward Ms. Jaganathan violated the Texas Tort Claims Act.  Tex. Civ. Prac. & Rem. Code Sec. 101.001 *et seq.*

28.     Defendants' negligence, including but not limited to its failure to train and supervise its deputies, who were acting in the course and scope of their employment for Gillespie County at the time of the conduct described above, injured Ms. Jaganathan causing her physical pain and suffering, mental anguish and humiliation.  Defendants are vicariously liable for its agents' negligent acts.

## VI.
## DAMAGES

29.     As a result of the occurrence that forms the basis of this lawsuit, as stated above, and as a direct and proximate result of Defendants' negligence, Plaintiff has suffered serious injuries, will likely sustain additional damages in the future and is entitled to recover:

a. Past medical bills and expenses incurred as a proximate result of the occurrence made the basis of this lawsuit;

b. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the occurrence made the basis of this lawsuit;

c. Mental anguish, physical pain and suffering, and loss of enjoyment of life in the past and in the future;

d. Physical impairment in the past and in the future;

e. Humiliation;

f. Loss wages;

g. Pre-judgment and post-judgment interest; and

h. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## VII.
## EXEMPLARY DAMAGES

30. Plaintiff hereby fully incorporates the preceding paragraphs by reference as if fully stated herein.

31. Plaintiff would further show that the above described acts and omissions were committed with malice and reckless indifference to the protected rights of Ms. Jaganathan, as that term is defined by Texas Civil Practice and Remedies Code §41.003(11). The acts or omissions of the Defendants, when viewed objectively from the Defendants' standpoint at

the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Ms. Jaganathan. Further, the Defendants had actual, subjective awareness of the risks involved, but nevertheless disregarded those risks proceeding with conscious indifference to the rights, safety, or welfare of others.

## VIII.
## ATTORNEYS' FEES

32. Plaintiff is further entitled to receive her reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## IX.
## JURY DEMAND

33. Plaintiff demands a trial by jury and the appropriate fee has been tendered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants answer the allegations herein, and upon trial thereof, Plaintiff have and recover judgment against Defendants for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, and for such relief, both in law and in equity, that this Court establishes Plaintiff is entitled to.

Respectfully submitted,

**THE LAW OFFICES OF
WILVIN J. CARTER, P.C.**

By: ___/s/ Wilvin J. Carter___
Wilvin J. Carter
State Bar No. 24045622
7322 Southwest Freeway
Tower 1, Suite 780
Houston, Texas 77074
Phone:      713.454.9890
Facsimile:   855.380.3795
Email:      info@carterfirmtx.com

**ATTORNEY FOR PLAINTIFF**