IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JISHA JAGANATHAN | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 1:20-cv-1170-RP |
| | § |
| GILLESPIE COUNTY'S SHERIFF'S DEPARTMENT AND GILLESPIE COUNTY | § |
| | § |
| Defendants. | § |

## DEFENDANT GILLESPIE COUNTY AND GILLESPIE COUNTY SHERIFF'S OFFICE'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT PITTMAN:

**NOW COMES** the **GILLESPIE COUNTY** and **GILLESPIE COUNTY SHERIFF'S DEPARTMENT**, Defendants in the above entitled and numbered cause and files this their Original Answer to Plaintiff's Original Complaint heretofore filed and in support thereof would respectfully show unto the Court the following:

### I.
### FIRST DEFENSE

Plaintiffs' Original Complaint fails to state a cause action against these Defendants upon which relief may be granted.

### II.
### SECOND DEFENSE

Defendant **GILLESPIE COUNTY** would show unto the Court that the Gillespie County Sheriff's Department lacks jural existence as a separate governmental entity, as a

matter of law.  *Estate of Schroeder v. Gillespie County*, 23 F.Supp.3d 775, 781 (W.D. Tex. 2014).

Defendant Gillespie County will be referred to throughout the remining portion of this answer as the sole remaining defendant.

## III.
## THIRD DEFENSE

Defendant GILLESPIE COUNTY admits that this action purports to arise from alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. §1983 as alleged in Plaintiff's Original Complaint; however, Defendant denies that any cause of action exists there under.

## IV.
## FOURTH DEFENSE

Defendant GILLESPIE COUNTY denies "*Facts*" Paragraphs 6 through 11 of Plaintiff's Original Complaint.  Plaintiff JAGANATHAN was arrested by City of Fredericksburg Police Officers on November 25, 2018 for public intoxication.  Plaintiff JAGANATHAN was booked into the Gillespie County Jail and a correction officer interviewed Plaintiff JAGANATHAN in accordance with the Texas Commission on Jail Standards concerning a suicide screening form.  Plaintiff JAGANATHAN was determined to be a suicide risk, was placed in a suicide smock and placed in a suicide cell where she could be monitored.  Said procedure is in accordance with the Texas Commission on Jail Standards and the Gillespie County Jail is so certified by the Texas Commission on Jail Standards.

Defendant GILLESPIE COUNTY asserts that Plaintiff's constitutional rights were not violated by placing Plaintiff JAGANATHAN on a suicide protocol to save her life, as a matter of law.

## V.
## FIFTH DEFENSE

Defendant GILLESPIE COUNTY denies "*Failure to Provide Medical Aid*," Paragraphs 12 through 14 of Plaintiff's Original Complaint. Defendant denies that Plaintiff JAGANATHAN'S Fourth and Fourteenth Rights were violated by placing Plaintiff JAGANATHAN on a suicide watch for her own protection. Defendant GILLESPIE COUNTY would show unto the Court that Plaintiff was a pretrial detainee and that this case is analyzed as a "Episodic Act" under ***Hare v. City of Corinth***, 74 F.3d 633, 643 (5th Cir. 1996)(***en banc***).

## VI.
## SIXTH DEFENSE

Defendant GILLESPIE COUNTY denies "*Eighth Amendment*" Paragraphs 15 – 17 of Plaintiff's Original Complaint. Defendant asserts that this case is analyzed as an Episodic Act case and the Eighth Amendment does not apply. ***Hare v. City of Corinth***, 74 F.3d 633, 643 (5th Cir. 1996)(***en banc***).

## VII.
## SEVENTH DEFENSE

Defendant GILLESPIE COUNTY denies "*Violations of the Sarah Bland Act*" Paragraphs 18 – 20 of Plaintiff's Original Complaint. Defendant GILLESPIE COUNTY followed the appropriate suicide prevention protocol of the Texas Commission on Jail standards and did not violate the Sarah Bland Act, as a matter of law.

## VIII.
## EIGHTH DEFENSE

Defendant GILLESPIE COUNTY denies "*Policy and Procedure*" Paragraphs 21 – 23 of Plaintiff's Original Complaint. Defendant Gillespie County would show unto the Court that its correction officers are trained in accordance with the Texas Commission on Jail Standards and Texas Commission on Law Enforcement (TCOLE). Defendant's allegations of failure to train lack merit, as a matter of law.

## IX.
## NINTH DEFENSE

Defendant GILLESPIE COUNTY denies "*Failure to Adequately Supervise*" Paragraphs 24 and 25 of Plaintiff's Original Complaint. Defendant GILLESPIE COUNTY asserts that it properly supervises its corrections officers in accordance with the Texas Commission on Jail Standards and Texas Commission on Law Enforcement (TCOLE), as a matter of law.

## X.
## TENTH DEFENSE

Defendant GILLESPIE COUNTY denies "*Violations of Texas Tort Claims Act*" Paragraphs 26 – 28 of Plaintiff's Original Complaint. Defendant Gillespie County asserts governmental immunity under the TEXAS TORT CLAIMS ACT, Chapter 101, §101.021, §101.0215, §101.024, §101.026, §101.055, §101.056, §101.057, and §101.106 (e) and (f), as a matter of law.

Defendant GILLESPIE COUNTY asserts its defenses under the TEXAS TORT CLAIMS ACT, Chapter 101, §101.101, as a matter of law.

Defendant **GILLESPIE COUNTY** asserts its defenses under the TEX. CIV. PRAC. & REM. CODE, Chapter 108, §108.091 and Chapter 41, §41.0105, as a matter of law.

## XI.
## ELEVENTH DEFENSE

Defendant **GILLESPIE COUNTY** denies "*Damages*" Paragraph 29 of Plaintiff's Original Complaint. Defendant asserts that Plaintiff is not entitled to any of the relief requested, as a matter of law.

## XII.
## TWELFTH DEFENSE

Defendant **GILLESPIE COUNTY** denies "*Exemplary Damages*" Paragraphs 30 and 31 of Plaintiff's Original Complaint. Defendant Gillespie County asserts unto the Court that Plaintiff is not entitled to exemplary damages against Gillespie County, as a matter of law. *See,* TEXAS TORT CLAIMS ACT, Chapter 101, §101.024.

## XIII.
## THIRTEENTH DEFENSE

Defendant **GILLESPIE COUNTY** denies "*Attorney's Fees*" Paragraph 32 of Plaintiff's Original Complaint. Defendant asserts unto the Court that Plaintiff is not entitled to Attorney's fees under 42 U.S.C. § 1988, as a matter of law.

## XIV.
## FOURTEENTH DEFENSE

Defendant **GILLESPIE COUNTY** denies the "*Prayer*" as contained in Plaintiff's Original Complaint. Defendant asserts unto the Court that Plaintiff is not entitled to any damages compensatory or punitive, as a matter of law.

## XV.
## FIFTEENTH DEFENSE

Defendant Gillespie County denies all claims for relief as contained in Plaintiff's Original Complaint. Defendant Gillespie County asserts its defenses under the TEX. CIV. PRAC. & REM. CODE, Chapter 16, §16.002 and §16.003, as a matter of law.

## XVI.
## SIXTEENTH DEFENSE

Defendant **GILLESPIE COUNTY** herein deny any allegations in Plaintiff's Original Complaint not specifically admitted herein and demands strict proof thereof as required by law.

## XVII.
## SEVENTEENTH DEFENSE

Defendant **GILLESPIE COUNTY** herein demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **GILLESPIE COUNTY** and the **GILLESPIE COUNTY SHERIFF'S DEPARTMENT** pray that Plaintiff's suit be dismissed against them, or in the alternative, that the Plaintiff take nothing by its lawsuit against them, that Defendants have Judgment herein, that the Defendants be awarded their costs expended, including reasonable attorney's fees and for such other and further relief, both general and special, and at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax


BY:   /s/ Charles S. Frigerio
     CHARLES S. FRIGERIO
     SBN:  07477500

     HECTOR X. SAENZ
     SBN:  17514850
ATTORNEYS FOR DEFENDANT
Defendants **GILLESPIE COUNTY** and
**GILLESPIE COUNTY SHERIFF'S DEPARTMENT**


## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2020, I electronically filed the foregoing Defendant Gillespie County's Original Answer with the Clerk of the Court using the CM/ECF system and will send notification of such filing via electronic mail to the ECF Participant:

Mr. Wilvin J. Carter
THE LAW OFFICES OF WILVIN J. CARTER, P.C.
7322 Southwest Freeway
Tower 1, Suite 780
Houston, Texas 77074
Email: info@carterfirmtx.com

    /s/ Charles S. Frigerio
    CHARLES S. FRIGERIO