UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JISHA JAGANATHAN, | § | No. 1:20-CV-1170-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GILLESPIE COUNTY SHERIFF'S DEPARTMENT et al., | § | |
| | § | |
| Defendants. | § | |

ORDER TO SHOW CAUSE AND SETTING SANCTIONS HEARING

Before the Court is the status of this case.  On July 2, 2021, the Court notified counsel for both parties by email of an in-person status conference, scheduled for July 29, 2021 at 9:00 a.m. in Courtroom 1 of the federal courthouse in Austin, Texas.  (Dkt. # 16.)  Charles Frigerio ("Frigerio") appeared at the status conference as counsel for Defendants Gillespie County, and its Sheriff's Department ("Defendants").  The Courtroom Deputy reached Wilvin Carter ("Carter"), counsel for Plaintiff Jisha Jaganathan ("Plaintiff") by phone at the time of the hearing, but he did not appear.

Rule 16 states that, if a party fails to appear at a pretrial conference, the Court may, on motion of the opposing party or on its own, "issue any just

1

orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)." Fed. R. Civ. P. 16(f)(l)(A).  The cited provisions in Rule 37 permit the following sanctions, among others:

- prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- striking pleadings in whole or in part;
- staying further proceedings until the order is obeyed;
- dismissing the action or proceeding in whole or in part;
- rendering a default judgment against the disobedient party; and
- treating as contempt of court the failure to obey an order.

Fed. R. Civ. P. 37(b)(2)(A).  In addition, Rule 16(f) requires the Court, "[i]nstead of or in addition to any other sanction," to "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of [the failure to appear], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

      Therefore, in light of Carter's non-appearance at the status conference without prior notice to the Court, the Court **ORDERS** the following:

1. On or before **Tuesday, August 3, 2021**, Carter must **SHOW CAUSE** as to why he did not notify the Court in advance of his

non-appearance at the July 29, 2021 status conference. The Court will consider all available sanctions under Rules 16 and 37 in light of Carter's response or non-response to this Show Cause Order.

2. This case is set for an **in-person** **SANCTIONS HEARING** before Senior U.S. District Judge David A. Ezra in Courtroom 5, on the Third Floor of the John H. Wood, Jr. United States Courthouse, 655 E. Cesar E. Chavez Boulevard, **San Antonio, TX**, on **Thursday, August 5, 2021 at 9:00 AM**.

3. The Court **ORDERS** that Carter must appear in-person at the hearing in San Antonio to resolve the sanctions issue, regardless of whether he still represents Plaintiff at that time.

4. Frigerio shall prepare—but need not file—a bill of costs for the Court's consideration at the sanctions hearing.

The Court also reminds Carter and Plaintiff that "Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." Griggs v. S.G.E. Mgmt., L.L.C., 905 F.3d 835, 844 (5th Cir. 2018); Fed. R. Civ. P. 41(b). Failure to respond to this Order could result in dismissal of this case without prejudice. Id.

**IT IS SO ORDERED.**

**DATED:** July 30, 2021, Austin, Texas.

_____
David Alan Ezra
Senior United States District Judge