UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JISHA JAGANATHAN, | § | No. 1:20–CV–1170–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GILLESPIE COUNTY AND | § | |
| GILLESPIE COUNTY SHERIFF'S | § | |
| DEPARTMENT | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT WITHOUT PREJUDICE

Before the Court is Gillespie County and Gillespie County Sheriff's

Department's (collectively, "Defendants") Motion for Summary Judgment, filed

on August 30, 2022.  (Dkt. # 19.)  Plaintiff Jisha Jaganathan ("Plaintiff") failed to

respond to the Motion.[1]  The Court finds this matter suitable for disposition

without a hearing.  After careful consideration of the relevant filings, and for the

reasons set forth below, the Court **GRANTS** Defendants' Motion for Summary

Judgment on all claims.

---

[1] Although the Court could grant the Motion as unopposed, the Court addresses the merits of the Motion below.  See Local Court Rule CV-7(d)(2).

1

BACKGROUND

On November 25, 2018, Plaintiff was arrested for public intoxication.[2] (Dkt. # 1 at 2.)  Consequently, Plaintiff was detained for 31 hours between the early morning of November 25, 2018 and November 26, 2018.[3]  (Dkt. # 19-2 at 2, 47.)  Plaintiff was deemed a suicide risk during the intake process.  (Dkt. # 19 at 3.)  Accordingly, Plaintiff was placed on suicide watch and made to wear a suicide smock.  (Dkt. # 1 at 3.)  On the morning of November 25, 2018, Plaintiff was evaluated and appeared before a magistrate who deemed her not to be a harm to herself or others and issued a personal recognizance bond.  (Id.; Dkt # 19-2.)  On November 26, 2018, Plaintiff was released from custody.  (Dkt. #19-2 at 47.)

Plaintiff alleges Defendants refused to provide her with her prescription medication and tampons during her detainment, and that her "numerous requests for medical attention were denied and/ or ignored."  (Dkt. # 1 at 3-4.)  As a result, Plaintiff alleges she had to use a single tampon for the duration

---

[2] The charge for public intoxication was subsequently dismissed.  (Dkt. # 1 at 3.)
[3] Although Plaintiff claims she was detained for 56 hours, the Gillespie County Sherriff's Records and the Affidavit of the Sherriff provided by Defendants indicates a total detainment of 31 hours.  (Dkts. ## 19-1, 19-2.)  Specifically, Plaintiff was arrested at 02:34 a.m. on November 25, 2018, and released at 09:00am on November 26, 2018.  (Dkt. # 19-2 at 2, 47.)  Because Plaintiff did not respond to the Motion for Summary Judgment, she has not met her burden to establish that she was detained for more than 31 hours.  See Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010) ("When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.").

of her detainment, "of which pieces became lodged inside [her] body and required emergency medical attention after release from Defendants' custody." (Dkt. # 1 at 3.)

On November 24, 2020, Plaintiff filed this lawsuit against Defendants alleging 42 U.S.C. § 1983 ("Section 1983") claims for: (1) violation of the Eighth Amendment prohibition against cruel and unusual punishment; (2) failure to provide medical aid in violation of the Fourth and Fourteenth Amendments; (3) failure to properly train and adequately supervise Gillespie County officers; and (4) violation of the Sandra Bland Act. (Id. at 5-10.) Plaintiff also alleges a tort claim under the Texas Tort Claims Act. (Id. at 10.)

On August 30, 2022, Defendants filed the instant Motion for Summary Judgment. (Dkt. # 19.) Defendants attached (1) the Gillespie County Sherriff's Records; (2) the Affidavit of the Gillespie County Sherriff; and (3) Deemed Admissions.[4] (Dkts. ### 19-1, 19-2, 19-3.) Plaintiff's deadline to respond to the Motion for Summary Judgment was September 19, 2022. See Local Rule CV-7(d)(2). To date, Plaintiff has failed to respond to Defendants' Motion.

---

[4] Defendants served Plaintiff with Requests for Admission on July 8, 2022. (Dkt. # 19-3.) Plaintiff has not responded to these admissions or otherwise petitioned the Court for an extension to respond. Pursuant to Federal Rule of Civil Procedure 36, these admissions are therefore deemed admitted. FED. R. CIV. P. 36(a)(3).

<u>LEGAL STANDARD</u>

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Washburn v. Harvey</u>, 504 F.3d 505, 508 (5th Cir.2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial." <u>Nola Spice Designs, LLC v. Haydel Enter., Inc.</u>, 783 F.3d 527, 536 (5th Cir. 2015) (quotations omitted). "When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." <u>Duffie</u>, 600 F.3d at 371. Instead, the non-movant must identify specific evidence in the record and

4

articulate how that evidence supports the party's claim.  Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir.2007).

Under Section 1983, "[p]arties can sue a municipality that has violated their constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'"  Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson, 817 F.3d 163, 165–66 (5th Cir. 2016) (citing 42 U.S.C. § 1983 (2015)).  However, for claims against municipalities and local governments, merely establishing a constitutional violation by an employee of a local governmental entity is not enough to impose liability upon that entity.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Rather, plaintiffs must show that the municipality itself—not merely its employees—has violated the Constitution. See Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001).  Accordingly, municipal liability under Section 1983 "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  Id.; see Monell, 436 U.S. at 690–91.

DISCUSSION

As a threshold matter, the Court addresses the legal capacity of Gillespie County Sheriff's Department. Defendants assert that the Gillespie County Sheriff's Department lacks jural existence as a matter of law and should be dismissed from the case. (Dkt. # 19 at 4.) The Court agrees. "A plaintiff may not bring a civil rights claim against a servient political agency or department" unless the "'true political entity has taken explicit steps to grant the servient agency with jural authority.'" Estate of Schroeder v. Gillespie County, 23 F.Supp.3d 775, 781 (W.D. Tex. 2014) (quoting Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991)). As in Schroeder, since Plaintiff has not taken steps to "show the city ever granted the Sheriff's Department the legal capacity to engage in separate litigation," the Court grants Defendants' Motion for Summary Judgment with respect to all claims against Gillespie County Sheriff's Department. Id. The Court therefore assesses Plaintiff's claims with respect to Gillespie County.

I.      Section 1983 Claims

Plaintiff brings four claims under Section 1983: (1) violation of the Eighth Amendment prohibition against cruel and unusual punishment; (2) failure to provide medical aid in violation of the Fourth and Fourteenth Amendments; (3) failure to properly train and adequately supervise Gillespie County officers; and (4) violation of the Sandra Bland Act. (Dkt. # 1 at 5-10.)

6

To make out a Section 1983 claim against Gillespie County, Plaintiff needed to allege facts showing that the County had a "policy or custom" that was the "moving force" behind the alleged constitutional violations.  Piotrowski, 237 F.3d at 578.  However, the only support Plaintiff provided for this element was the statement after each section that "[t]his conduct was done pursuant to a custom and practice of Gillespie County . . . that is so widespread as to have the force of law." (Dkt. # 1 at 6-7.)  While this is a correct statement of the law,[5] it is a conclusory allegation without factual support, and thus insufficient to defeat a motion for summary judgment.  See Turner, 476 F.3d at 343.  Plaintiff's failure to plausibly allege a policy or custom is fatal to her Section 1983 claims; nonetheless, the Court addresses the other flaws of each alleged constitutional violation in turn.

A.    Eighth Amendment Claim: Cruel and Unusual Punishment

Plaintiff's claim of cruel and unusual punishment in violation of the Eighth Amendment fails as a matter of law.  Plaintiff was a pretrial detainee, not a convicted state prisoner.  (See Dkt. # 1 at 2.)  While the "constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment," the constitutional rights of a pretrial detainee "flow from . . . the Fourteenth Amendment."  Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc).  Although "a pretrial detainee's due process rights are

---

[5] See Monell, 436 U.S. at 691.

said to be 'at least as great as the Eighth Amendment protections available to a convicted prisoner,'" Plaintiff may not technically bring her challenge under the Eighth Amendment.  Id. (quoting City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983)); see also Schroeder, 23 F.Supp.3d at 780.  Plaintiff's claims are therefore evaluated under the Fourteenth Amendment, and Defendants' request for summary judgment is granted as to Plaintiff's Eighth Amendment claim.

B.      Failure to Provide Medical Aid

Plaintiff alleges Defendants violated her Fourth and Fourteenth Amendment rights because her "numerous requests for medical attention were denied and/ or ignored," and she was "forced to continue use of a single tampon for the duration of her unlawful detainment."  (Dkt. # 1 at 3.)  The Fifth Circuit analyzes a pretrial detainee's Fourteenth Amendment challenge as a complaint about either "jail condition[s]" or about "episodic acts or omissions of a state jail official."  Hare, 74 F.3d at 644–45.  This distinction is important, as each category requires a different culpable mental state.[6]

Fourteenth Amendment challenges predicated on "jail conditions" attack the "general conditions, practices, rules or restrictions of pretrial

---

[6] For a jail condition claim, the court asks whether the "particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective."  Id. at 640 (quoting Bell v. Wolfish, 441 U.S. 520, 539 (1979)).

confinement." Id. at 644.  The jailor's acts or omissions must be "sufficiently extended or pervasive" as to indicate that he is merely implementing an "identifiable intended condition or practice." Id. at 645.

Episodic acts or omissions lack a showing of a condition, practice, rule or restriction. Hare, 74 F.3d at 645.  For liability to attach in these cases, the pretrial detainee must show that the defendant official "acted or failed to act with subjective deliberate indifference to the detainee's needs." Id. at 647–48.

Plaintiff's claims are best characterized as episodic.  Plaintiff does not allege that her requests for medical care or her inability to change her tampon were denied as part of a routine practice or condition in the Gillespie County jail.  See Shepherd v. Dall. Cty., 591 F.3d 445, 449-50 (5th Cir. 2009) (providing "extensive evidence on the jail's treatment of inmates with chronic illness" presented "the rare case in which a plaintiff demonstrated deficiencies in the conditions of confinement"); Brown v. Bolin, 500 Fed.App'x. 309, 313 (5th Cir. 2012) (noting that because plaintiff did not provide jail-wide statistics or independent studies about jail conditions, a claim for physician's failure to respond to a seriously ill inmate was an episodic event).

Accordingly, Plaintiff needed to allege facts showing: "(1) that the municipal employee violated [her] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a

9

municipal policy or custom adopted and maintained with objective deliberate indifference." Cadena v. El Paso Cty., 946 F.3d 717, 727 (5th Cir. 2020); see also Hare, 74 F.3d at 649, n. 4. "For an episodic act claim relying on an alleged denial or delay of medical care, [a detainee] can show deliberate indifference by demonstrating that an official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Baughman v. Hickman, 935 F.3d 302, 309 (5th Cir. 2019) (quoting Perniciaro v. Lea, 901 F.3d 241, 258 (5th Cir. 2018)). "The 'deliberate indifference' standard requires 'a showing that the official was subjectively aware of the risk [of serious harm to the inmate].'" Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 829 (1994)).

Plaintiff did not plead facts imputing to Defendants a subjective awareness of any "substantial risk of serious harm" posed by her menstrual cycle bleeding or her inability to change her tampon. Hare, 74 F.3d at 648. While the jail officers seem to have been aware that Plaintiff was bleeding, having allegedly told her to "to drip her menstrual blood over the toilet," merely bleeding during one's menstrual cycle lands far afield from the types of serious medical conditions recognized by the Fifth Circuit as self-evincing a substantial risk of serious harm. (Dkt. # 1 at 4); see Gobert v. Caldwell, 463 F.3d 339, 349 (5th Cir. 2006) (holding

10

that an inmate's large open wound was sufficient to establish subjective knowledge of a substantial risk of serious harm of infection); Easter, 467 F.3d at 465 (finding an inmate's well-documented heart condition and sudden chest pain created a presumption of a substantial risk of serious harm).

Plaintiff also alleges that she tried to "obtain medical attention due to her being on her menstrual cycle," and that "Defendants intended for [her] to suffer" by refusing her requests for medical care. (Dkt. # 1 at 3-4, 6.) But Plaintiff failed to indicate the substance of her "numerous requests for medical attention," like whether she ever asked to change her tampon, described any concerning physical symptoms, or indicated that she thought part of her tampon was stuck in her body.[7] (Id. at 3.); see Gibbs v. Grimette, 254 F.3d 545, 550 (affirming summary judgment where jailors "did not know of" the any risk to the detainee from tuberculosis of other inmates). While Plaintiff's allegation that pieces of her tampon "became lodged inside [her] body and required emergency medical attention" after her release is concerning, she provided no competent summary judgment evidence beyond her bare pleading to support this allegation in general, let alone to show that Defendants were subjectively aware of such a risk. (Id.)

---

[7] Likewise, Plaintiff provides no detail as to what medication she was hoping to take, why it was important she take it immediately, and whether she specifically asked for access to it. (Id. at 4.)

11

While Defendants may have been negligent by denying Plaintiff feminine products or medical care for the 31-hour detainment, such conduct is insufficient for an episodic act or omission claim, without facts supporting an inference of subjective awareness of a substantial risk of serious harm.  Therefore, Defendants' Motion is granted as to the failure to provide medical aid claim.

C.    Failure to Properly Train and Adequately Supervise

Plaintiff next alleges that Gillespie County failed to adequately train its officers in how to care for and provide medical attention to inmates and detainees who are injured or have complained of injuries.  (Dkt. # 1 at 8–9.) Plaintiff also alleges that the county has a practice of failing to properly supervise its officers.  (Id. at 9.)

A supervisor may be held liable under Section 1983 for failure to train or supervise subordinates if (1) the supervisor failed to train or supervise; (2) a causal link exists between the failure and violation of plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.  Brown v. Callahan, 623 F.3d 249, 254 n.1 (5th Cir. 2010).  "Deliberate indifference is 'a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'"  Id. at 255 (quoting Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997)).  This "normally requires a plaintiff to show a pattern of violations and that the inadequate training or

12

supervision is 'obvious and obviously likely to result in a constitutional violation.'" Macias v. Salazar, No. 21-51127, 2022 WL 3044654, at *2 (5th Cir. Aug. 2, 2022) (quoting Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001)).

Here, Plaintiff does not allege a pattern of violations regarding inadequate training. She only provides the conclusory statement that "Defendants' failure to properly train its officers is so reckless that misconduct by its officer was inevitable." (Dkt. # 1 at 9.) This is a conclusory allegation without factual support, and thus insufficient to defeat a motion for summary judgment. See Turner, 476 F.3d at 343. Therefore, Defendants' Motion for Summary Judgment is granted on the failure to train and supervise claim.

D.     Violations of the Sandra Bland Act

Lastly, Plaintiff asserts Defendants violated the Sandra Bland Act by failing to notify a magistrate within the required time of her booking and failing to allow a mental health professional to evaluate her. (Dkt. # 1 at 8.) Defendants assert that the Sandra Bland Act does not state an independent cause of action, but that in any event, a magistrate was notified within the timeframe required by the Sandra Bland Act. (Dkt. # 19 at 4.)

Assuming without deciding that the Sandra Bland Act states an independent cause of action, the Act provides in pertinent part:

13

"Not later than 12 hours after the sheriff or municipal jailer having custody of a defendant for an offense punishable as a Class B misdemeanor or any higher category of offense receives credible information that may establish reasonable cause to believe that the defendant has a mental illness or is a person with an intellectual disability, the sheriff or municipal jailer shall provide written or electronic notice to the magistrate."

Tex. Code Crim. Proc. Art. 16.22 (West) (emphasis added).  Plaintiff was arrested at 02:34 a.m. on November 25, 2018.  (Dkt. # 19 at 3.)  According to the Gillespie Count Sheriff's Records, the magistrate was notified at approximately 05:45 a.m. on November 25, 2018.  (Id.; Dkt. # 19-2 at 41.)  Therefore, Defendants timely followed the statutory procedure.  Furthermore, Plaintiff was evaluated by the mental health professionals of Southern Health Partners during her detainment.  (Id. at 36-39.)  Plaintiff has failed to raise an issue of material fact as to any violation of the Sandra Bland Act.  Therefore, Defendants' Motion is granted on these grounds.

II.     Texas Tort Claims Act

        Under state law, Plaintiff asserts Defendants' negligence, including but not limited to their failure to train and supervise its deputies, injured Plaintiff by causing her physical pain and suffering, mental anguish, and humiliation.  (Dkt. # 1 at 10.)  Defendants assert governmental immunity under the Texas Tort Claims Act, Chapter 101, § 101.021, § 101.0215, § 101.024, § 101.026, § 101.055, § 101.056, § 101.057, and § 101.106 (e) and (f).  (Dkt. # 5 at 4.)

14

Plaintiff's state-law claim of negligence against Defendants fails because it does not fall into any exception to sovereign immunity under the Texas Tort Claims Act. The basis of the claim is negligence on the part of Defendants in training and supervising police officers. (Dkt. # 1 at 10.) But Texas law is clear that claims based on negligent training and supervision do not fall within the express language of the Texas Tort Claim Act's waiver provisions. See TEX. CIV. PRAC. & REM. CODE § 101.021; Tex. Dept. of Pub. Safety v. Petta, 44 S.W.3d 575, 580–81 (Tex. 2001) (negligent hiring, supervising, and training claims against state agency not allowed under Texas Tort Claims Act); City of Sugarland v. Ballard, 174 S.W.3d 259, 265 (Tex. App.–Houston [1 Dist.] 2005) (negligent training and supervising claims against police department not allowed under Texas Tort Claims Act).

The Fifth Circuit has likewise recognized Texas Tort Claims Act is not the appropriate vehicle for claims of negligent failure to train or supervise. Goodman v. Harris Cty., 571 F.3d 388, 394 (5th Cir. 2009). Such claims are not within the purview of the Texas Tort Claims Act because "a plaintiff must allege an injury resulting from the 'condition or use of tangible personal or real property.'" Id. Therefore, Defendants' Motion for Summary Judgment is granted with regard to the state-law claims against them.

15

CONCLUSION

For the reasons stated above, Defendants' Motion for Summary

Judgment (Dkt. # 19) is **GRANTED**.  All claims asserted herein are therefore

**DISMISSED WITHOUT PREJUDICE**.  Although Plaintiff is represented by

Counsel, it appears she may be attempting to proceed pro se, so **Plaintiff shall**

**have thirty (30) days** from the date of this Order to file an amended complaint.  If

she fails to file an amended complaint within thirty (30) days, the dismissal shall

convert to a dismissal with prejudice.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, November 22, 2022.


_____

David Alan Ezra
Senior United States District Judge

16